# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KIMBERLY MORGAN, individually and on behalf of all others similarly situated,**
      **Plaintiff,**

    v.                                                Case No. 12-C-1255

**COLLECTION ASSOCIATES, LTD.,**
      **Defendant.**

## DECISION AND ORDER

This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"). The complaint alleges, among other things, that the defendant violated the FDCPA by omitting a material portion of the notice that a debt collector must provide to a consumer under 15 U.S.C. § 1692g(a)(4). At around the time this action was filed, the plaintiff's lawyer filed other actions in this district on behalf of plaintiffs alleging similar claims. In one of those actions, <u>Gruber v. Creditors' Protection Service</u>, No. 12-cv-1243, 2013 WL 2072976 (E.D. Wis. May 14, 2013), I granted the defendant's motion to dismiss a claim that the plaintiff here describes as "legally indistinguishable" from her claims under § 1692g(a)(4). The defendant in the present case has filed a motion to dismiss the § 1692g(a)(4) claims, and the plaintiff concedes that if I followed my reasoning in <u>Gruber</u>, I would have to grant the motion to dismiss those claims. However, the plaintiff's lawyer has filed a notice of appeal of my decision in <u>Gruber</u>, and the plaintiff here asks that I stay this case pending the Seventh Circuit's disposition of that appeal.

The defendant opposes the request for a stay and asks that I grant the motion to dismiss. It points out that if I grant the motion, the plaintiff can appeal, and then the

Seventh Circuit could consolidate the appeal of this case with the appeal in Gruber. Therefore, argues the defendant, there is no need for a stay. However, whether I enter a stay or not, the result will be the same as far as the defendant is concerned. If I enter a stay and the Seventh Circuit affirms in Gruber, then I will immediately lift the stay of this case and grant the defendant's motion to dismiss. With the decision in Gruber constituting the law of this circuit, the plaintiff would not have grounds for filing a separate appeal in this case. If I enter a stay and the Seventh Circuit reverses, then I will immediately deny the motion to dismiss and allow this case to proceed to discovery. If I do not enter a stay and the plaintiff appeals now, the end result would be the same: if the Seventh Circuit affirmed, the defendant would win and this case would be over; if the Seventh Circuit reversed, this case would proceed to discovery.

As far as the plaintiff is concerned, however, there is a slight difference between entering a stay and not entering a stay. If I do not enter a stay and dismiss the case, forcing the plaintiff to file an appeal, she will have to incur the appellate filing fee and incur the attorneys' fees associated with filing and docketing the appeal. These would not be substantial costs, to be sure, but because as far as the defendant is concerned there is no practical difference between staying the case pending a decision in Gruber and entering judgment in this case so that it can be consolidated with Gruber, I conclude that it makes sense to enter the stay and conserve the plaintiff's resources.

Besides the § 1694g(a)(4) claims, the plaintiff also alleges claims for violations of other parts of the FDCPA and the Wisconsin Consumer Act. She describes these as "medical interest claims." In her motion to stay this case, she states that she wishes to withdraw such claims based on my decision in Trease v. Tri-State Adjustments, Inc., No.

2

12-CV-620, 2013 WL 1285589 (E.D. Wis. March 29, 2013). The defendant does not oppose the plaintiff's request to withdraw the claims, and so the request will be granted.

Accordingly, **IT IS ORDERED** that plaintiff's motion to stay is **GRANTED**. This action shall be stayed until the appeal in <u>Gruber</u> is resolved.

**IT IS FURTHER ORDERED** that the plaintiff's request to withdraw Counts III through VI is **GRANTED**.

**FINALLY, IT IS ORDERED** that the defendant's motions for leave to file supplemental authority (ECF Nos. 14, 16 & 18) are **GRANTED**.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2013.

                                          s/ Lynn Adelman
                                          LYNN ADELMAN
                                          District Judge